# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT HUNTINGTON

| | |
|---|---|
| **DION ADKINS**, Individually and as Administrator and Personal Representative of the **ESTATE OF DREMA M. ADKINS**, Decedent, <br><br> **Plaintiff,** <br><br> v. <br><br> **AMAZON.COM, INC., DONGGUAN GUANHONG ELECTRICAL TECHNOLOGY CO. LTD. D/B/A GUANHONGDIANQI, DONGGUAN FUYUAN WIRE CO. LTD., SHENZHEN HENGLIDE INDUSTRIAL CO. LTD., DONGGUAN GUANSHUN INDUSTRIAL CO. LTD., AND JIANGSU YITONG CONTROL SYSTEM CO. LTD.** <br><br> **Defendants.** | § § § § § § § § § § § § § § § § § § § § § § **CIVIL ACTION NO.** 3:22-cv-00083 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Dion Adkins, Individually and as Administrator and Personal Representative of the Estate of Drema M. Adkins, (collectively, "Plaintiff") files this Original Complaint against Defendants Amazon.com, Inc., Dongguan Guanhong Electrical Technology Co. Ltd. d/b/a Guanhongdianqi, Dongguan Fuyuan Wire Co. Ltd., Shenzhen Henglide Industrial Co. Ltd., Dongguan Guanshun Industrial Co. Ltd., and Jiangsu Yitong Control System Co. Ltd. (collectively, "Defendants"), and Plaintiff would respectfully show as follows:

### I. PARTIES

**1.**     Plaintiff Dion Adkins ("Dion") is an individual residing in Cabell County, West Virginia and is the duly appointed Administrator of the Estate of Drema M. Adkins ("Drema"). He may be contacted through his undersigned counsel.

2. Defendant Amazon.com, Inc. ("Amazon.com") is a publicly traded corporation organized under the laws of the State of Delaware with its principal place of business at 410 Terry Ave. N, Seattle, Washington 98109. Amazon can be served with process through its agent, Corporation Service Company at 251 Little Falls Drive, Wilmington, Delaware 19808, or wherever it may be found.

3. Defendant Dongguan Guanhong Electrical Technology Co. Ltd. d/b/a Guanhongdianqi ("Dongguan Electrical") is a corporation organized under the laws of China with its principal place of business located at 4th Floor, No. 7 Chuangye 2nd Road, Helu Village, Baoshan Community, Huangjiang Town, Dongguan City and may be served pursuant to Federal Rule of Civil Procedure 4(f) and the Hague Convention.

4. Defendant Dongguan Fuyuan Wire Co. Ltd. ("Dongguan Wire") is a corporation organized under the laws of China with its principal place of business located at 5th Floor, Building A, Jinxianghe Industrial Park, Shaxi Road, Shahukou Village, Changping Town, Dongguan City and may be served pursuant to Federal Rule of Civil Procedure 4(f) and the Hague Convention.

5. Defendant Shenzhen Henglide Industrial Co. Ltd. ("Shenzen Industrial") is a corporation organized under the laws of China with its principal place of business located at Room 101-301, Henglide Factory, Building 2, No.7 Industrial Zone, Tianliao Community, Yutang Street, Guangming District, Shenzhen City and may be served pursuant to Federal Rule of Civil Procedure 4(f) and the Hague Convention.

6. Defendant Dongguan Guanshun Industrial Co. Ltd. ("Dongguan Industrial") is a corporation organized under the laws of China with its principal place of business located at No. 73-1, Huanghe Road, Fenghuanggang, Tangxia Town, Dongguan City and may be served pursuant to Federal Rule of Civil Procedure 4(f) and the Hague Convention.

7. Defendant Jiangsu Yitong Control System Co. Ltd. ("Jiangsu Control System") is a corporation organized under the laws of China with its principal place of business located at North of Weiqi Road, West District, Yandu District, Yancheng City and may be served pursuant to Federal Rule of Civil Procedure 4(f) and the Hague Convention.

## II.  NON-PARTIES

8. Hydgooho was identified on the Amazon.com webpage as the manufacturer of the defective product at issue in this suit. However, after a diligent search, no entity named "Hydgooho" can be found to exist and, thus, cannot be subject to service of process.

9. Guanhongdianqi was identified on Amazon.com's sales receipt, and by an Amazon.com agent during pre-suit investigation, to be a seller of the defective Pet Bed. On information and belief, Guanhongdianqi is a transliteration of Dongguan Guanhong Electrical Technology Co. Ltd.'s brand name and, accordingly, has been named above as a d/b/a of Defendant Dongguan Guanhong Electrical Technology Co. Ltd. Alternatively, "Guanhongdianqi" is an entity that, after a diligent search cannot be found to exist and, thus, cannot be served with process.

## III.  JURISDICTION AND VENUE

10. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00. Plaintiff and Defendants are citizens of different states. Accordingly, subject-matter jurisdiction is properly predicated upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a).

11. This Court has specific personal jurisdiction over Defendants because they have purposefully availed themselves of the benefits and protections of the State of West Virginia by continuously and systematically conducting substantial business in this judicial district, directing advertising and marketing materials to districts within West Virginia, and intentionally and

purposefully placing the defective product at issue in this suit into the stream of commerce within the districts of West Virginia and throughout the United States with the expectation and intent that they would be purchased by consumers. Moreover, Plaintiff's causes of action all arise out of Defendant's contacts with the State of West Virginia.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because Defendants transact business in this District, are subject to personal jurisdiction in this District, and therefore are deemed to be citizens of this District. A substantial part of the events and/or omissions giving rise to the claims occurred, at least in part, within this District.

## IV. FACTS

A. PLAINTIFF'S PURCHASE OF THE PET BED FROM AMAZON.COM

13. On or about January 13, 2018, Dion purchased a heated pet bed (the "Pet Bed") from Amazon.com for his mother, Drema, who would place the Pet Bed out in her home for her cats to lie on, especially during the cold winter months.

14. Amazon.com's product page for this Pet Bed (the "Amazon Webpage") bore a descriptive title: "Pet Heat pad for Cats Dogs, Pet Electric Waterproof Heating Pad with Chew Resistant Steel Cord." The product description also included a statement warranting its safety from overheating: "Safe and Effective: High/Low level of temperature control. Temperature can be adjusted and be up to 104 degrees Fahrenheit. It can avoid overheating to protect your pets." The Amazon.com webpage identified the manufacturer as Hydgooho. The Amazon.com receipt, and as represented by an Amazon.com agent during pre-suit investigation, indicated that the product was "Sold By: Guanhongdianqi."

15. As discussed above (*see* § II), after a diligent search, no entity named "Hydogooho" exists and "Guanhongdianqi" is, on information and belief, a d/b/a for Dongguan Electrical. Defendant Dongguan Electrical is a Chinese corporation.

16. The Pet Bed had several components, which upon information and belief, were manufactured by: Dongguan Wire (the plug), Shenzen Industrial (the power cord wire), Dongguan Industrial (the resistance wire), and Jiangsu Control System (the switch) (collectively, "Component Part Defendants"). Each of these Component Part Defendants are Chinese corporations.

17. Neither Dongguan Electrical nor the Component Part Defendants are subject to service in the state of West Virginia and are not likely to be successfully served with process, even despite diligent efforts. Moreover, even if served with process, recovery of a judgment from either would be a futile endeavor.

18. Amazon.com's business model depends upon the sale of products, like the Pet Bed, by third-party manufacturers and vendors, such as Dongguan Electric. However, Amazon.com has failed to take steps to ensure that those same manufacturers and vendors can be served with service of process by American consumers, like Plaintiff, affected, injured, or killed by those same products.

**B. THE FIRE**

19. Dion's mother lived with him in a two-story home, located at 2970 5th Ave., Huntington, West Virginia 25702. Their bedrooms were each located upstairs and the living room downstairs.

20. On February 16, 2020, the Pet Bed was in its usual location, on the couch cushion in the downstairs living room when Drema went to sleep in her bedroom. Dion, who often worked

night shifts, had left for work. He returned home early the following morning and went to sleep in his bedroom.

21. Dion, who often worked night shifts, returned home from work early in the morning on February 17, 2020 and went to sleep in his bedroom. Still in the early hours of that morning, Drema and Dion awoke to the sounds of the home's smoke alarms. Dion started downstairs to determine what had happened and discovered that the Pet Bed had caught fire.

22. The fire grew quickly, and Drema was trapped upstairs. Dion crawled on his hands and knees to get outside. He attempted to reach his mother's bedroom window from the outside by climbing a drainpipe, however, the drainpipe broke in the process. After the fire department arrived, Drema's bedroom window was broken and smoked poured out. Unfortunately, Drema passed away from smoke inhalation.

## V. **MISNOMER/ALTER-EGO**

23. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## VI. **RESPONDEAT SUPERIOR**

24. Defendants are legally responsible to Plaintiff for the acts and omissions of its employees, agents, servants, and representatives under the legal doctrines of respondeat superior, agency, and/or ostensible agency. Thus, Defendants are vicariously liable for all wrongful and illegal acts, omissions, and conduct of its employees, agents, servants, and representatives.

## VII. INNOCENT SELLER STATUTE

25. Plaintiff incorporates the foregoing paragraphs by reference as if fully set forth herein.

26. Pursuant to West Virginia Code §55-7-31 (the "Innocent Seller Statute"), Amazon.com may be held liable to Plaintiff as a "seller" of the defective Pet Bed because:

    a) the Pet Bed's manufacturer cannot be identified, despite a good-faith exercise of due diligence;

    b) the Pet Bed's manufacturer is not subject to service of process under the laws of West Virginia;

    c) the Pet Bed's manufacturer is insolvent in that the manufacturer is unable to pay its debts as they become due in the ordinary course of business; and

    d) Plaintiff would be unable to enforce a judgment against the product manufacturer.

## VIII. CAUSES OF ACTION

### A. COUNT 1 – DECLARATORY JUDGMENT (AGAINST AMAZON.COM ONLY)

27. Plaintiff incorporates the foregoing paragraphs by reference as if fully set forth herein.

28. There is presently an actual, genuine, and existing controversy between Plaintiff and Amazon.com, namely regarding whether Amazon.com is a "seller," as defined by the Innocent Seller Statute. *See* West Virginia Code §55-7-31. The Innocent Seller Statute, which allows a product liability action to be brought against a seller in certain circumstances (as described above, *see* § VII), broadly defines a "seller" as follows:

> 'Seller' means a wholesaler, distributor, retailer, or other individual or entity, other than a manufacturer, that is regularly engaged in the selling of a product whether the sale is for resale by the purchaser or is for use or consumption by the ultimate consumer. 'Seller' includes a lessor or bailor regularly engaged in the business of the lease or bailment of the product.

W. Va. Code § 55-7-31(a)(5).

29. As set forth above, Amazon.com is integrally part of the chain of distribution for the sale of the products on its sales website, including the Pet Bed. Despite Amazon.com's opposition, it is a "seller" under the plain language of West Virginia's Innocent Seller Statute, and is the only entity within that chain that could have a judgment enforced against it. To hold otherwise would not only insulate Amazon.com from liability for products sold on its own sales website, it would also leave Plaintiff without any avenue to recover for the damages caused by the defective Pet Bed—or even to have his day in court to prove it.

30. Plaintiff is therefore entitled, pursuant to Federal Rule of Civil Procedure 57, to the entry of an order and judgment declaring that Amazon.com is "seller," as defined by West Virginia's Innocent Seller Statute.

**B.   COUNT 2 – STRICT PRODUCTS LIABILITY**

31. Plaintiff incorporates the foregoing paragraphs by reference as if fully set forth herein.

32. Amazon.com, Dongguan Electrical, and the Component Part Defendants inspected, tested, sold, marketed and supplied the Pet Bed and its Component Parts.

33. At all relevant times, Defendants represented to Plaintiff, and the general public, that the Pet Bed and its component parts were safe, free from defects, and generally suitable for the purposes for which it was intended.

34. Contrary to Defendants' representations, the Pet Bed, and its underlying component parts, were in a defective, hazardous, unsafe and dangerous condition, unfit for their intended uses, and unreasonably dangerous to Plaintiff and other consumers, both at the time the Ped Bed left the control of Dongguan Electrical and on the day of the incident, generally, and based on the following particulars:

a) The Pet Bed and its component parts were designed and manufactured in such a manner that it failed to maintain a safe temperature;

b) The Pet Bed and its component parts were designed and manufactured in such a manner that it failed to safely regulate the temperature;

c) The Pet Bed and its component parts were designed and manufactured in such a manner that it failed to reduce the heat when temperatures rose too high;

d) The Pet Bed and its component parts were designed and manufactured in such a manner that it catastrophically failed and caught fire when the temperatures rose too high and the heat was not reduced;

e) The Pet Bed and its component parts failed to provide and display adequate warnings or instructions with respect to the dangerous temperatures to which the Pet Bed would rise and how to operate said Pet Bed;

f) The Pet Bed and its component parts were designed and manufactured in such a manner that it could not be used safely for its foreseeable intended uses.

35. The defective, hazardous, or unreasonably dangerous condition of the Pet Bed, and its Component Parts, sold by Amazon.com were the direct and proximate cause of Plaintiff's' injuries, the wrongful death of Drema, and the resultant damages.

C. **COUNT 3 – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

36. Plaintiff incorporates the foregoing paragraphs by reference as if fully set forth herein.

37. At the time the Pet Bed was sold, Defendants were in the business of selling, and marketing the Pet Bed and component parts, as well as similar products and similar component parts and were merchants of such products.

38. In connection with the sale of the Pet Bed and its component parts, Defendants provided the purchasers and users, including Plaintiff, an implied warranty of merchantability and

maintained that the Pet Bed and its component parts were fit for the ordinary purposes for which it was intended.

39. The Pet Bed and its component parts manufactured, supplied, and sold by Defendants were dangerous and defective at the time they left Defendants' control, and were unfit for the ordinary purposes for which it was to be used.

40. Due to the nature of the defect as alleged herein, Plaintiff was unable to discover the nature of this defect until the time of the herein incident.

41. Plaintiff's injuries, Drema's wrongful death, and the resultant damages were caused by a breach of the implied warranties of merchantability extended to the purchasers and users by Defendants.

D. **COUNT 4 – NEGLIGENCE**

42. Plaintiff incorporates the foregoing paragraphs by reference as if fully set forth herein.

43. Defendants, as the manufacturers, sellers, and marketers of the Pet Bed and its component parts, had a duty to discovery and repair any defects in the Pet Bed that were known, or discoverable in the exercise of ordinary care.

44. Plaintiff's injuries, Drema's wrongful death, and the resulting damages were a proximate result of Defendant's negligence, carelessness, and recklessness in the follow ways:

    a) In failing to fix or repair any known or reasonably foreseeable defects or hazardous conditions relating to the Pet Bed or its component parts;

    b) In failing to inspect the Pet Bed or its component parts for any reasonably foreseeable defects or hazardous conditions relating to any parts, systems, devices or mechanisms relating to the Pet Bed or its components parts;

    c) In failing to fix or repair any known or reasonably foreseeable defects or hazardous conditions relating to the Pet Bed its component parts;

    d) In failing to ensure that the Pet Bed and its component parts could operate successfully without overheating and/or catching fire;

    e) In failing to ensure that Defendants performed testing on the Pet Bed and its component parts to ensure compliance with industry standards;

    f) In failing to ensure that the Pet Bed and its component parts were compliant in meeting with industry standards;

    g) In failing to replace or repair defective parts relating to the Pet Bed and its component parts;

    h) In failing to provide and display adequate warnings or instructions with respect to the intended use of the Pet Bed and its component parts;

    i) In failing to notify, warn, or make known to the purchaser and ultimate user of the Pet Bed and its component parts that there were defective devices, parts, systems, or mechanisms of the Pet Bed and its component parts; and

    j) In allowing the Pet Bed and its component parts to be put into the stream of commerce, which Defendants knew or should have known were defective, hazardous, or unnecessarily dangerous.

### E. COUNT 5 – NEGLIGENT UNDERTAKING (AGAINST AMAZON.COM ONLY)

45. Plaintiff incorporates the foregoing paragraphs by reference as if fully set forth herein.

46. Alternatively, Amazon.com is liable for Plaintiff's injuries, Dremas's wrongful death, and the resulting damages due to its negligent undertaking.

47. Amazon.com undertook to perform services for the manufactures and foreign sellers/distributors of the Pet Bed by allowing the Pet Bed to be marketed for sale on its sales website, in exchange for compensation. In doing so, Amazon.com undertook to market and sell the Pet Bed to United States consumers, like Plaintiff. Amazon.com knew, or should have known, that the manufactures and foreign sellers/distributors were Chinese entities that could not be

identified, served with process, and/or be reached for recovery of a judgment in the case of defective product injuring a United States consumer.

48. Further, Amazon.com knew or should have known that consumers, including Plaintiff, would suffer injury as a result of its failure to exercise ordinary care as described above (related to the Count 4 – Negligence) and by failing to exercise reasonable care in vetting the entities it allows to sell products on its sales website. Such actions increased Plaintiff's, and all consumer's, risk of harm.

49. Plaintiff's injuries, Drema's wrongful death, and the resulting damages were a proximate result of Amazon.com's negligence.

## IX.  EXEMPLARY DAMAGES

50. Plaintiff incorporates the foregoing paragraphs by reference as if fully set forth herein.

51. For the reasons set forth above, the acts and/or omissions of Defendants constituted gross negligence and malice evidencing a willful, wanton, and/or reckless disregard for the safety of the general public and users of the products sold by all defendants on Amazon.com's sale website.

52. As a direct and proximate result of Defendants' willful, wanton, and/or reckless disregard for the safety of the general public and their customers, Plaintiff's house caught fire, Drema became trapped upstairs and died of smoke inhalation after great pain and suffering, while her son, Dion, attempted to reach her from outside.

53. Defendants are liable to Plaintiff for exemplary damages, with said sum to be determined by the jury in its discretion and good judgment, in an amount which will deter similar behavior by Defendants in the future.

## X. DAMAGES

54. Plaintiff incorporates the foregoing paragraphs by reference as if fully set forth herein. For the reasons stated, Plaintiff is entitled to:

   a) A judgment declaring that Amazon.com is a "seller," as defined by West Virginia Code §55-7-31;

   b) Pursuant to West Virginia Code § 55-7-6, Plaintiff is entitled to recover for the wrongful death of Drema Adkins, including, but not limited to:

   i. Sorrow, mental anguish and solace, including society, companionship, comfort, guidance, kindly offices and advice of Drema Adkins;

   ii. Compensation for reasonably expected loss of services, protection, care and assistance provided by Drema Adkins;

   iii. Reasonable funeral expenses; and

   iv. Any other damages Plaintiff may be legally or equitably entitled to.

   c) Compensatory damages including compensation for pain and suffering and physical injury, to the fullest extent permitted by law;

   d) Prejudgment and post-judgment interest as provided by law;

   e) Costs of suit; and

   f) All other relief, in law or in equity, to which Plaintiff is entitled.

## XI. JURY DEMAND

55. In accordance with Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on all issues.

## XII. PRAYER

56. **WHEREFORE** Plaintiff prays that Defendants be cited to answer and appear herein and, that at the conclusion of this action, Plaintiff has and recovers judgment against

Defendant all relief requested above, together with such other relief to which they may show themselves justly entitled.

                Respectfully submitted,

                */s/ Holly S. Planinsic*
                Holly S. Planinsic
                W.Va. State Bar I.D. #6551
                HERNDON, MORTON, HERNDON & YAEGER
                83 Edgington Lane
                Wheeling, West Virginia 26003
                Telephone: (304) 242-2300
                Facsimile: (304) 243-0890
                E-mail:  hplaninsic@hmhy.com
                *Counsel for Plaintiff*

                */s/ William N. Haacker*
                Tej R. Paranjpe, *pro hac vice pending*
                TX Bar No. 24071829
                William N. Haacker, *pro hac vice pending*
                TX Bar No. 24113709
                Brent Phelps, *pro hac vice pending*
                TX Bar No. 24096148
                PARANJPE MAHADASS RUEMKE LLP
                3701 Kirby Drive, Suite 530
                Houston, Texas 77098
                Telephone: (832) 667-7700
                Facsimile: (832) 202-2018
                E-mail:  TParanjpe@pmrlaw.com
                E-mail:  WHaacker@pmrlaw.com
                E-mail:  bphelps@pmrlaw.com
                *Counsel for Plaintiff*